UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMANDA O'NEAL,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,[1]<br><br>　　　　　　　Defendant. | CASE NO. 3:16-cv-05700 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. *See also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6. This matter has been fully briefed. *See* Dkt. 11, 12, 13.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit, pursuant to the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

After considering and reviewing the record, the Court concludes the ALJ committed harmful legal error when she failed to credit fully the medical opinion of an examining doctor regarding plaintiff's workplace limitations. The ALJ's conclusory opinion that the record is completely devoid of support for the doctor's opinion is contrary to the record as a whole, which includes six years of supportive objective findings from three other treating providers. Additionally, the ALJ's conclusion that the doctor's opinions are inconsistent with plaintiff's activities is not based on substantial evidence, but rather upon an undeveloped record regarding plaintiff's parenting skills and custody dispute, and an isolated incident in which plaintiff successfully managed anger.

Therefore, this matter is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and remanded to the Acting Commissioner for further administrative proceedings.

## BACKGROUND

Plaintiff, AMANDA O'NEAL, was born in 1982 and was 24 years old on the alleged date of disability onset of February 15, 2007. *See* AR. 409-10, 411-19. Plaintiff did not complete high school, but has her GED. AR. 48.  She has some work experience as a backroom stocker and has worked temporarily as a clam digger, planter in a greenhouse, and hostess in a restaurant. AR. 50-51.  Plaintiff last worked part-time for Target as a backroom stocker in 2005 and 2006. AR. 48.

According to the ALJ, plaintiff has at least the severe impairments of "cervical and lumbar back strain; congenital fusion of C4-5, with mild changes; possible Chiari I malformation; right wrist extensor and tendonitis; affective disorder; posttraumatic stress

disorder (PTSD); borderline personality disorder; and polysubstance dependence, in sustained remission since 2010 (20 CFR 404.1520(c) and 416.920(c)).” AR. 17.

At the time of the hearing, plaintiff was living in a transitional women and children's house with her 3 ½ year old daughter. AR. 47-48.

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration. *See* AR. 134-45, 148-58, 161-77, 178-94. Plaintiff's first hearing resulted in an unfavorable decision by the Administrative Law Judge. *See* AR. 199-218. The Appeals Council remanded (AR. 219-22) and plaintiff's second hearing was held before Administrative Law Judge Stephanie Matz ("the ALJ") on June 17, 2014. *See* AR. 38-82. On September 8, 2014, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 11-35.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ erred in her evaluation of the medical opinion evidence; (2) Whether or not the ALJ erred in her evaluation of plaintiff's credibility; (3) Whether or not the ALJ erred in her evaluation of the lay witness statement pertaining to plaintiff's mental impairments; and (4) Whether or not the proper remedy for the errors is a remand for payment of benefits. *See* Dkt. 11, p. 1.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**(1)  Whether or not the ALJ erred in her evaluation of the medical opinion evidence.**

Plaintiff argues that the ALJ failed to provide legitimate reasons, supported by substantial evidence in the record for rejecting the opinions of three examining sources in favor of the opinion of state agency sources. Dkt. 11, pp. 2-10. Defendant contends there is no harmful legal error. Dkt. 12.

When an opinion from an examining or treating doctor is contradicted by other medical opinions, the treating or examining doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)); *see also* 20 C.F.R. §§ 404.1527(a)(2)

Dr. John Lowry, D.O. performed a psychological evaluation of plaintiff on August 4, 2007. AR. 715-19. During his evaluation, Dr. Lowry examined plaintiff, reviewed plaintiff's records and medical history, administered tests, and made diagnosis based on

his observations and clinical interview of plaintiff. *Id*. Dr. Lowry then opined that "it was unclear whether the claimant could perform activities on a consistent basis without special or additional supervision, maintain regular attendance in the workplace, complete a normal workday/workweek without interruptions from her psychiatric condition, or deal with the usual stress encountered in competitive work." AR. 718.

The ALJ gave little weight to the opinion of Dr. Lowry, in part with a finding that Dr. Lowry's opinion is inconsistent with the record, which fails to indicate that plaintiff requires additional supervision or is unable to deal with routine stress. AR. 26. The ALJ specified that plaintiff has demonstrated that she was able to care for her infant daughter with minimal support from family and community organizations, and that plaintiff was able to control her anger in the face of stress and frustration. *Id*. The Court finds these reasons were not supported by substantial evidence for several reasons.

First, the ALJ's statement that there is "no evidence in the record indicating claimant would need additional supervision" in the workplace is conclusory and is inconsistent with the record as a whole. Dr. Lowry specifically stated that his opinion regarding plaintiff's workplace limitations was based on his independent diagnosis of plaintiff as having bipolar disorder, posttraumatic stress disorder, panic disorder, and major depressive disorder. AR. 718. He indicated that a workplace environment would exacerbate symptoms associated with these conditions, resulting in limitations. *Id*. Dr. Lowry's rationale is further consistent with various other medical providers' diagnoses and observations of plaintiff's limitations especially regarding plaintiff's inability to

1  independently complete tasks, stay focused, and exercise appropriate judgment without
2  guidance. AR. 547, 555, 562, 658, 710, 807-09.
3      Between 2007 and 2014, four different treating mental health providers have
4  examined and psychologically evaluated plaintiff. AR. 547, 555. 562, 710, 715-718, 806-
5  09. On each occasion, the examiner has offered an opinion that plaintiff's symptoms
6  would result in workplace limitations. *Id*. Plaintiff's medical records repeatedly show that
7  plaintiff "never finishes or stays on task," becomes sidetracked easily, is easily confused,
8  and has moderate to marketed cognitive difficulties exercising judgment, making
9  decisions, remembering instructions, and carrying out assignments. *Id*. Plaintiff also has a
10 history of "impulsivity, affective instability due to market reactivity of mood and
11 inappropriate, intense anger, which she has had difficulty controlling." AR. 658.
12 Plaintiff's limitations have resulted in difficulties in interpersonal relationships and
13 regular job turnover. AR. 655, 658, 716. Therefore the record is not, as stated by the ALJ,
14 devoid of support for Dr. Lowry's conclusion that plaintiff would require additional
15 supervision in the workplace. Rather, the record contains considerable support for Dr.
16 Lowry's conclusions.
17     Second, the ALJ failed to fully credit Dr. Lowry's opinion that plaintiff cannot
18 handle routine stress with a finding that Dr. Lowry's opinions were inconsistent with
19 plaintiff's activities including her ability to gain custody of and care for her daughter and
20 maintain appropriate behavior during therapy sessions. *See* AR. 26. The ALJ specifically
21 found that plaintiff "successfully navigat[ed] the court system to maintain full custody of
22 her daughter" and that "if [plaintiff] were unable to care for her child, it is doubtful that

the court would have awarded her with full custody." AR. 22, 26-27. The ALJ further found that plaintiff interacted without incident with counselors and individuals also residing in transitional housing. *Id*. The ALJ correlated these skills and activities as showing plaintiff's ability to "handle routine stressors and responsibilities." *Id*.

Regarding activities of daily living, the Ninth Circuit provides that the ALJ "must make 'specific findings relating to the daily activities' and their transferability to conclude that a claimant's daily activities warrant an adverse determination regarding if a claimant's statements should be credited. *Orn v. Astrue*, 495 F.3d 625, 639 (quoting *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)). Here, the ALJ's conclusions are without support from the record and devoid of findings regarding their transferability. The record lacks any evidence indicating that plaintiff was awarded parental custody on the merits of her parenting skills after she "successfully navigated the court system." In fact, the only mention of plaintiff's custody proceedings in the record demonstrates that her counselor referred her to NW Justice Project for assistance with custody paperwork and that plaintiff self reportedly hired a court facilitator to further assist her with the process. AR. 778, 790-91. The ALJ makes no mention of her investigation into plaintiff's role in these court proceedings, the procedural history of the custody dispute, or the factual and legal bases upon which the court awarded plaintiff custody. The ALJ further failed to investigate the quality of plaintiff's parenting skills or the time she commits to parenting, explore whether plaintiff receives help with this task, or demonstrate how these skills are transferable to a work setting.

Additionally, the ALJ failed to support her conclusion that plaintiff has successfully managed her anger and maintained appropriate behavior with substantial evidence in the record. While it is true that plaintiff's counselors have not noted plaintiff to be combative during counseling or group therapy sessions, they have also not noted she has made improvements in these areas. Rather, the records cited by the ALJ simply show plaintiff's attendance to these sessions. AR. 751-768. Moreover, the isolated incident the ALJ cited demonstrating plaintiff's ability to handle a stressful traveling situation is not substantially supportive of the ALJ's conclusion. In fact, the record as a whole indicates that plaintiff has consistently struggled with controlling her emotions and handling routine stress. *See* AR. 506, 532 (indicating plaintiff is irritable); *see also* AR. 556 (recommending anger management); *see also* AR. 557 (indicating plaintiff was very emotional); *see also* AR. 65, 104 (plaintiff required time to compose herself); *see also* AR. 562, 655, 658, 711 (noting anger issues).

For the reasons stated and based on the record as a whole, the Court concludes that the ALJ failed to provide specific and legitimate reasons based on substantial evidence in the record in support of her decision to discount the opinions of Dr. Lowry. The Court also concludes that the error is not harmless.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the

ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. July 10, 2015) (citing *Stout,* 454 F.3d at 1055-56). In *Marsh,* even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

Here, it is not clear from the record that the ALJ would be required to find plaintiff disabled were the inappropriately discredited evidence credited in full. *See Harman, supra,* 211 F.3d at 1178 (quoting *Smolen*, *supra*, 80 F.3d at 1292). Additionally, outstanding issues must be resolved. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014) (quoting *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) ("we generally remand for an award of benefits only in the 'rare circumstances,' *Moisa*, 367, F.3d at 886, 'where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed"). While the ALJ repeatedly cites and comments on plaintiff's parenting skills and ability to navigate the court system in discrediting plaintiff and her providers' opinions, factual support for these conclusions is absent from the record. On remand the ALJ should develop the record with regard to plaintiff's parenting skills and the circumstances of her custody dispute.

It is possible that a remand for further administrative purposes would serve a useful purpose. Therefore, this matter is reversed and remanded for further administrative proceedings, as opposed to reversed with a direction to award benefits, as requested by plaintiff. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014)(citations omitted)(remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose).

**(2)  Whether or not the ALJ erred in her evaluation of plaintiff's credibility.**

Plaintiff contends that the ALJ erred by failing to credit fully plaintiff's allegations and testimony regarding her limitations and complaints.

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, the evaluation of a claimant's statements regarding limitations relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c); SSR 16-3p, 2016 SSR LEXIS 4. Therefore, plaintiff's testimony and statements should be assessed anew following remand of this matter.

However, the Court also notes that the ALJ failed to credit fully plaintiff's allegations and testimony regarding her episodes of rage, difficulties interacting with others, and inability to tolerate the pressures and expectations of a work environment for 40-hours a week on a sustained basis. *See* AR. 21-22. The ALJ dismissed plaintiff's statements regarding her limitations reasoning that plaintiff was able to represent herself through a custody dispute, care for her child, and act appropriately during counseling

sessions with providers and while residing in transitional housing. *Id*. For the reasons discussed above regarding plaintiff's ability to care for her daughter and lack of recorded instances of plaintiff's rage, these reasons are not sufficiently supported by the record as a whole. *See supra*, section 1.

The ALJ also failed to credit fully plaintiff's allegations and testimony on the basis of plaintiff's failure to take psychiatric medications. When a person suffers from a mental illness, and the mentally ill person does not have the requisite insight into his or her condition to seek or comply with treatment, or does not have the memory and focus to have the ability to take a medication three times a day, this fact actually can indicate a greater severity of mental incapacity. *See Van Nguyen, supra*, 100 F.3d at 1465; *see also Blankenship, supra*, 874 F.2d at 1124. Therefore, plaintiff's complaints regarding mental health symptoms throughout the record and why she did not comply with her prescribed medication regime should be addressed more fully following remand of the matter.

### (3) Whether or not the ALJ erred in her evaluation of the lay witness statement pertaining to plaintiff's mental impairments.

The Court already has concluded that the ALJ erred in reviewing the medical evidence and plaintiff's allegations and that this matter should be reversed and remanded for further consideration, *see supra*, sections 1 and 2. For this reason, the Court concludes that the ALJ should evaluate anew any additional lay evidence, including that provided by lay witness, Franchesca Leal and treating mental health provider, David Burrows, MHP.

The Court also notes however that while an ALJ may discredit lay testimony if it conflicts with medical evidence (*see Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)), to the extent lay testimony from "other medical" sources is consistent with medical evidence, these opinions are important, and should be evaluated on key issues such as impairment severity and functional effects." *Bruce, supra*, 557 F.3d at 1116), *adopted by Wobbe v. Colvin*, 2013 U.S. Dist. LEXIS 110195 at *8 (D. Or. 2013) (unpublished opinion). David Burrows, MHP provided mental health counseling to plaintiff from December 2011 to April 2014. AR. 694-706, 770-804. To the extent Mr. Burrows' observations, assessment, and medical source statements are consistent with other pertinent medical evidence (*see supra*, section 1), the ALJ should consider his opinion following remand of this matter.

**(4)     Whether or not the proper remedy for the errors in the ALJ's decision is remand for benefits.**

This issue has already been discussed, *see supra*, section 1.

### CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 23rd day of March, 2017.

J. Richard Creatura
United States Magistrate Judge